FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 02, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AMY KATHERINE RIGGS,<br><br>Defendant. | No. 2:23-CR-00045-RMP-1<br><br>ORDER FOLLOWING INITIAL APPEARANCE AND ARRAIGNMENT ON INDICTMENT<br><br>**USMS ACTION REQUIRED** |

On May 2, 2023, the Court held a hearing for Defendant AMY KATHERINE RIGGS' initial appearance and arraignment based on an Indictment. Defendant appeared in custody represented by Assistant Federal Defender Carter Powers Beggs. Assistant U.S. Attorney David Herzog represented the United States. U.S. Probation Officer Patrick J. Dennis was also present.

Defendant was advised of, and acknowledged, her rights. The Court entered a plea of not guilty to the Indictment on Defendant's behalf. Based upon information provided in the Financial Affidavit, the Court will appoint CJA counsel due to a conflict noted by the Federal Defenders Office. The Federal Defenders represented the Defendant for the limited purpose of today's proceeding only.

The United States is seeking Defendant's detention. **ECF No. 9**. Defendant requested a detention hearing.

ORDER - 1

**IT IS ORDERED:**

1. A **detention hearing is scheduled for <u>May 4, 2023, at 2:30 p.m.</u>** before the undersigned.

2. **United States Probation/Pretrial Services Office shall prepare a pretrial services report prior to the hearing and shall notify defense counsel prior to interviewing Defendant.**

3. Defendant shall remain in custody pending the hearing and shall be afforded reasonable opportunity for private consultation with counsel.

4. <u>**Pursuant to Federal Rule of Criminal Procedure 5(f), the Government is advised:**</u>

    a. Pursuant to F. R. Crim. P. 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*, the government has a continuing obligation to produce all information or evidence known to the government relating to guilt or punishment that might reasonably be considered favorable to the defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence. *See United States v. Price,* 566 F.3d 900, 913 n.14 (9th Cir. 2009). Accordingly, the court orders the government to produce to the defendant in a timely manner all such information or evidence.

    b. Information or evidence may be favorable to a defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's witness or other government evidence. If doubt exists, it should be resolved in favor of the defendant with full disclosure being made.

    c. If the government believes that a required disclosure would compromise witness safety, victim rights, national security, a sensitive

ORDER - 2

law-enforcement technique, or any other substantial government interest, the government may apply to the Court for a modification of the requirements of this Disclosure Order, which may include *in camera* review and/or withholding or subjecting to a protective order all or part of the information.

  d. This Disclosure Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for violating either this Disclosure Order or the government's obligations under *Brady* include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges. Nothing in this Disclosure Order enlarges or diminishes the government's obligation to disclose information and evidence to a defendant under *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit precedent. As the Supreme Court noted, "the government violates the Constitution's Due Process Clause 'if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment.'" *Turner v. United States*, 137 S. Ct. 1885, 1888 (2017), quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012).

**IT IS SO ORDERED.**

DATED May 2, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 3