Matthew F. Duggan
Duggan Law, P.L.L.C
23505 E. Appleway Avenue Suite 200-175
Liberty Lake, Washington 99019
509-951-2047
matt@mattdugganlaw.com
WSBA NO. 21852

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, Plaintiff, v. AMY KATHERINE RIGGS, Defendant. | NO: 23-CR-00045-RMP <br><br> DEFENDANT'S SETENCING MEMORANDUM |
|---|---|

Defendant, Amy Katherine Riggs, by and through her attorney Matthew F. Duggan, respectfully submits its Sentencing Memorandum.

### A. PRESENTENCE INVESTIGATION REPORT:

1. *Stash House 2D1.1(b)(12)*:

Neither the United States nor the Defendant is recommending the Court impose a 2-level enhancement for maintaining a premises for the purpose of manufacturing or distributing a controlled substance pursuant to USSG Sec. 2D1.1(b)(12). The Defendant asks the Court not to impose this 2-level enhancement for the same reasons the United States outlines in its Sentencing Memorandum (ECF 47). The Defendant's use of the Nebraska residence was not particularized specifically to the Defendant in this case to warrant the level increase. The Defendant did not own or rent that residence or responsible for its operation.

2. *Possession of a Dangerous Weapon 2D1.1(b)(1):*

The Defendant asks that the Court not impose a 2-level increase for possession of a dangerous weapon.

    a) <u>Firearm located in Michael Kors backpack</u>:

The firearm that was found in the Michael Kors backpack which contained paperwork in the name of the Defendant. However, that backpack also contained dominion and control paperwork in the name of another individual, Jody Wallette. The Defendant contends that this evidence of possession does not rise to a sufficient level to warrant a 2-level increase.

    b) <u>Firearm from February 2022 Robbery</u>:

The firearm attributable to the February 2022 Robbery was not recovered. This firearm is referenced in reports only as being fired from a vehicle matching the general description of the Defendant's vehicle. It is important to note that there is no identification of the Defendant herself. Law enforcement contends that the Defendant's cell phone was in the area during this incident. However, it is only the Defendant's cell phone that is reportedly near the incident and not the Defendant. Similarly, the text messages sent from what law enforcement contends is the Defendant's cell phone are just that-messages sent from a cell phone that cannot be conclusively said to be authored by the Defendant.

The Defendant contends that there is not a sufficient basis for this 2-level increase as the Defendant was not identified as being at this location at the time this even occurred.

**B.** **<u>Ms. Riggs' Background</u>**

Ms. Riggs comes before this Court as a 36-year-old woman with no criminal history. Before Ms. Riggs's incarceration, she would enjoy spending time with her daughter teaching her how to ride a bicycle and an electric scooter. Mr. Riggs

looks forward to being reunited with her daughter after she is released and making up for lost time with her.

Ms. Riggs admittedly made decisions she wished she would not have. She does not make excuses for her behavior but it is noteworthy that she lost her father due to covid in 2021. Ms. Riggs was very close to her father and described him as her best friend. Ms. Riggs describes that everything went downhill after her father passed. She also suffered the loss of a friend who was murdered shortly after her father's death. The conduct which forms the basis for Ms. Riggs' charges occurred shortly after these two events.

Ms. Riggs is a bright and articulate woman. She has discussed channeling these attributes into lawful activities and the undersigned counsel believes she can be extraordinarily successful. Ms. Riggs has good family support including her mother who has been active in assisting Ms. Riggs during this process. Ms. Riggs also has a 10-year-old daughter who she loves dearly. Ms. Riggs calls her daughter every day before school at 7am to talk with her about the upcoming school day. Ms. Riggs daughter is a good student and enjoys softball, piano and skiing.

It could be argued that a person who engages in the activities that Ms. Riggs did is, perhaps, better off not being involved in her daughter's life. However, Ms. Riggs' daughter deserves to have a relationship with her mother sooner, rather than later. Ms. Riggs plan upon her release is to reunite with her daughter and help her as she becomes a young adult. Ms. Riggs' involvement with the criminal justice system is comprised of this current episode of criminal conduct. She should be given some leniency and a second chance based on her lack of criminal history and the fact that she has a young daughter.

Based on these circumstances, the Defendant asks this Court to sentence her to the minimum term of incarceration which is 120 months to be followed by a 5-year term of supervised release. This sentence is sufficient but not greater than

necessary to accomplish the goals of sentencing keeping in mind the 18 U.S.C. Sec. 3553(a) factors.

DATED this 10th day of March 2024.

/s/ Matthew F. Duggan
Matthew F. Duggan WSBA #21852
Attorney for Defendant
Duggan Law Offices
23505 E. Appleway Avenue Suite 200-175
Liberty Lake, WA 99019

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2024, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system, and will not email notification of such filing and therefore I have emailed a copy of this filing to AUSA Caitlin Baunsgaurd.

/s/ Matthew F. Duggan
Matthew F. Duggan WSBA #21852
Attorney for Defendant
Duggan Law Offices
23505 E. Appleway Avenue Suite 200-175
Liberty Lake, WA 99019